**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| ANDREW DAVIS, SR., : | |
| : | |
| Plaintiff, : | |
| : | C. A. No. 1:07-cv-632 GMS |
| v. : | |
| : | TRIAL BY JURY OF TWELVE |
| DEBORAH HOOPER, DIANE DUNMON, : | DEMANDED |
| LINDA THOMAS, : | |
| : | |
| Defendants. : | |
| : | |

## DEFENDANTS DEBORAH HOOPER, DIANE DUNMON, AND LINDA THOMAS' MOTION TO DISMISS

Pursuant to Federal Rules of Civil Procedure 4(e), 4(m), 12(b)(5), and 12(b)(6) and Superior Court Civil Rules for the State of Delaware 4(f)(1) and 4(j), defendants Deborah Hooper, Diane Dunmon, and Linda Thomas, hereinafter "defendants", respectfully move for an order dismissing plaintiff's claims against them for improper service and failure to state a claim upon which relief may be granted. In support of their motion, the defendants offer the following:

### Procedural Background

1. On May 31, 2007, plaintiff filed suit in the Superior Court of Delaware in New Castle County alleging that defendants had violated his civil rights pursuant to 42 U.S.C. §§ 1981, 1983, 1986, 2000-c, and 2000-c8. Plaintiff did not allege any state law violations.

2. On September 25, 2007, defendant Thomas was served.

3. On September 28, 2007, 120 days passed from the filing of plaintiff's complaint.

-2-

4. On October 5, 2007, defendant Dunmon was served with process for herself and for defendant Hooper.

5. On October 15, 2007, defendants filed a Notice of Removal, D.I. 1, in the United States District Court for the District of Delaware.

**Standard of Review**

6. In both the District of Delaware as well as the State of Delaware, service is effected by delivering a copy of the summons and complaint to the individual personally or by leaving copies of the complaint and summons at the individual's dwelling with a person of suitable age, or by delivering a copy of the complaint and summons to an agent authorized by appointment or law to accept service of process. F.R.C.P. 4(e)(2) and Superior Court Civil Rule 4(f)(1)(I).

7. In both the District of Delaware as well as the State of Delaware, without a showing of good cause, service must be effected within 120 days of the filing of the complaint. F.R.C.P. 4(m) and Superior Court Civil Rule 4(j).

8. In order to state a claim under 42 U.S.C. § 1981, plaintiff must "allege facts in support of the following elements: (1) [that plaintiff] is a member of a racial minority; (2) intent to discriminate on the basis of race by the defendant; and (3) discrimination concerning one or more of the activities enumerated in the statute". *Brown v. Philip Morris, Inc.* 250 F.3d 789, 797 (3d Cir. 2001).

9. In order to state a claim under 42 U.S.C. § 1983, plaintiff must establish that an individual, acting under color of law, caused him to be deprived of his federally protected rights. *Id*. at 800.

10. In order to state a valid claim under 42 U.S.C. § 1986, plaintiff must state a valid claim under 42 U.S.C. § 1985. *Junior Doe v. Allentown School District*, C.A. No. 06-CV-1926, Golden, J. (September 24, 2007, E.D.P.A), 2007 WL 2814587 at *7. 42 U.S.C. § 1985 requires that plaintiff allege that "two or more people acted, motivated by a racial class-based animus, to deprive the plaintiff of the equal protection of the laws". *Id*.

11. 42 U.S.C. § 2000c provides definitions for terms used within Subchapter IV – Public Education.

12. 42 U.S.C. § 2000c-8 states, "Nothing in this subchapter shall effect adversely the right of any person to sue for or obtain relief in any court against discrimination in public education."

### Plaintiff Has Failed To Properly Serve Defendants Dunmon and Hooper And The Claims Against Them Must Be Dismissed

13. In violation of F.R.C.P. 4(m) and Superior Court Civil Rule 4(j), plaintiff served defendants Dunmon and Hooper on October 5, 2007, more than 120 days after the May 31, 2007 filing of the complaint. Plaintiff has not shown good cause for failure to comply with the rules of service and the complaint against defendants Dunmon and Hooper must be dismissed.

14. In addition to the violations of F.R.C.P. 4(m) and Superior Court Civil Rule 4(j), plaintiff improperly served defendant Hooper in violation of F.R.C.P. 4(e)(2) and Superior Court Civil Rule 4(f)(1)(I). Plaintiff attempted to effect service upon defendant Hooper by leaving a

copy of the summons and complaint with defendant Dunmon at the defendants' place of employment. Defendant Dunmon is not an agent authorized by appointment or law to accept service on behalf of defendant Hooper. In addition to being untimely, plaintiff's service attempt upon defendant Hooper is improper and the action against defendant Hooper must be dismissed.

### Plaintiff Has Failed To State A 42 U.S.C. § 1981 Claim Against Defendants

15. Plaintiff's complaint is completely devoid of any allegations that support plaintiff's contention that his rights and privileges afforded him by 42 U.S.C. § 1981 have been denied. Plaintiff has not alleged: (1) that he is a member of a racial minority, (2) that the defendants intended to discriminate against him on the basis of race, or (3) that defendants' discrimination concerned plaintiff's ability to make and enforce contracts, to sue, be parties, give evidence, or otherwise effected plaintiff's full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens. 42 U.S.C. § 1981; *Brown*, 250 F.3d at 797.

16. In *Junior Doe*, a case with a markedly similar fact pattern to the "facts" alleged by plaintiff, the court dismissed the 42 U.S.C. § 1981 claims against the school officials noting that 42 U.S.C. § 1981 "serves to redeem contract and property rights, which are not at issue in this case". *Id* at *7.

17. Because plaintiff has not alleged the elements necessary to state a claim for violation of 42 U.S.C. § 1981 and because 42 U.S.C. § 1981 seeks to protect contract and property rights which are not at issue in this case, plaintiff's 42 U.S.C. § 1981 claim against the defendants must be dismissed as a matter of law.

**Plaintiff Has Failed To State A 42 U.S.C. § 1983 Claim Against Defendants**

18. In his complaint, plaintiff alleges, "We are agrieved [sic] at the actions of the school and district who have deprived us of our rights and privileges pursuant to Section 42 § 1983 . . . ." Plaintiff does not allege that the defendants Deborah Hooper, Diane Dunmon, or Linda Thomas, who plaintiff has sued in their individual capacities, violated his civil rights pursuant to 42 U.S.C. § 1983. It is not necessary to address whether the facts alleged by plaintiff constitute a 42 U.S.C. § 1983 violation as the allegation is not made against the named defendants. The 42 U.S.C. § 1983 claim against defendants must be dismissed for failure to state a claim as a matter of law.

**Plaintiff Has Failed To State A 42 U.S.C. § 1986 Claim Against Defendants**

19. Under federal law, in order to state a claim for 42 U.S.C. § 1986, plaintiff must, at the very minimum, state a claim for 42 U.S.C. § 1985. *Junior Doe*, 2007 WL 2814587 at *7. Plaintiff has not alleged that he is a member of a particular racial class or that any of the defendants were motivated by a racial class-based animus to deny plaintiff equal protection of the law. 42 U.S.C. § 1985.

20. Because plaintiff has not alleged a claim for 42 U.S.C. § 1985 violations or even established facts that could support a 42 U.S.C. § 1985 claim, plaintiff's 42 U.S.C. § 1986 claims must be dismissed as a matter of law.

**Plaintiff Has Failed To State A 42 U.S.C. § 2000c or 2000c-8 Claim Against Defendants**

21. As 42 U.S.C. § 2000c provides definitions for terms used within Subchapter IV – Public Education and 42 U.S.C. § 2000c-8 states, "[n]othing in this subchapter shall effect

adversely the right of any person to sue for or obtain relief in any court against discrimination in public education", there are no claims to be made under either of these statutes. Plaintiff's allegations of violations of his civil rights under 42 U.S.C. § 2000c and 42 U.S.C. § 2000c-8 have no legal effect and are void.

## Conclusion

22.    For the above stated reasons, defendants request that this Court dismiss the claims against them for improper service and failure to state a claim upon which relief may be granted.

**WHITE AND WILLIAMS LLP**

BY:   /s/ Dana Spring Monzo
John D. Balaguer, Esquire (# 2537)
Dana Spring Monzo, Esquire (# 4605)
824 N. Market Street, Suite 902
P.O. Box 709
Wilmington, DE 19899-0709
Phone: (302) 467-4526
*Attorneys for Defendants,*
*Deborah Hooper, Diane Dunmon and*
*Linda Thomas*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| ANDREW DAVIS, SR., | : |
| | : |
| Plaintiff, | : |
| | : C. A. No. 1:07-cv-632 GMS |
| v. | : |
| | : TRIAL BY JURY OF TWELVE |
| DEBORAH HOOPER, DIANE DUNMON, | : DEMANDED |
| LINDA THOMAS, | : |
| | : |
| Defendants. | : |
| | : |

**ORDER**

**AND NOW**, this _____ day of _____, 2007, upon consideration of *Defendants Deborah Hooper, Diane Dunmon, and Linda Thomas' Motion to Dismiss* and any response thereto,

**IT HEREBY IS ORDERED AND DECREED** that the motion is **GRANTED** and the claims against *Deborah Hooper, Diane Dunmon, and Linda Thomas* are dismissed with prejudice.

**BY THE COURT:**

_____
J. Sleet

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| ANDREW DAVIS, SR., : | |
| : | |
| Plaintiff, : | |
| : | C. A. No. 1:07-cv-632 GMS |
| v. : | |
| : | TRIAL BY JURY OF TWELVE |
| DEBORAH HOOPER, DIANE DUNMON, : | DEMANDED |
| LINDA THOMAS, : | |
| : | |
| Defendants. : | |
| : | |

**CERTIFICATE OF SERVICE**

I, Dana Spring Monzo, Esquire do hereby certify that on this 9th day of November, 2007, two copies of the foregoing **DEFENDANTS DEBORAH HOOPER, DIANE DUNMON, AND LINDA THOMAS' MOTION TO DISMISS** were served upon the following CM/ECF and regular U.S. First Class Mail, postage prepaid:

Andrew Davis, Sr.
853 N. Madison Street
Wilmington, DE 19801
*Pro Se*

**WHITE AND WILLIAMS LLP**

BY:   /s/  Dana Spring Monzo
John D. Balaguer, Esquire  (#2537)
Dana Spring Monzo, Esquire (# 4605)
824 N. Market Street, Suite 902
P.O. Box 709
Wilmington, DE  19899-0709
Phone: (302) 467-4526
*Deborah Hooper, Diane Dunmon and Linda Thomas*