(Answering Brief)

civil action # 07-632 GMS

FILED
CLERK U.S. DISTRICT COURT
DISTRICT OF DELAWARE

2007 DEC 10  AM 11: 20

①

Judge Sleet,

On 11/6/06 our son was offensively touched by classmate Corey Pressey while in school; approx. a month before hand Linda Thomas was made aware of another classmate who was showing his private area to a few classmates in the same class. While trying to address these issues & gain recourse all efforts were blocked by unprofessionalism & denial on the part of the staff to even address the matter. Then on 11/16/06 our son was offensively touched again while in school by the same student. After experiencing reluctancy to deal w/ the issue on the school/districts part we contacted the police to have an investigation launched. After contacting the authorities, the district opted for a 11/30/06 Grievance Conference. While we spoke candidly, the districts position was that nothing happened; they didn't deem the childs acts as offensively touching. The school did not investigate these instances instead they covered it up & threatened to go to the PTA about my visits to the school. Instead of dealing w/ the situation they conspired to cover the situation up by complaining about my presence in the school house during class... my presence was warranted. Ms. Hoopers position was that she had to explain to her constituents why a man was present in the school house & using the same rest rooms as the students. I was offended as I'd volunteered to help dress some of my sons classmates for Halloween. They conspired to put a spin on a serious matter that needed to be addressed as per their oath to uphold the constitution; instead they made me out to be the bad guy

while they tried to sweep the matter under the rug. To solidify their position in the matter, they never responded to any of our numerous correspondences even at our request to do so. (A paper trail is evidence of a wrong doing), & minimizing that altogether makes it look non-existent, like nothing had happened, & w/out their response to summary letters it is perceived that we are making reports to an entity who feels that they have no duty in the matter. Per Arnold v. Board of Ed of Escambia County Ala 880 F 2d 305, 317, 318, a plaintiff can survive motion to dismiss by pleading general facts from which conspiracy can be inferred. School officials conspired to suppress violation even while in receipt of correspondence stating such, even w/ full knowledge of deliberate indifference. School officials manipulated & violated their own code of conduct in an attempt to intimidate & harass victims parent into backing off. School tried to turn the tables & paint parent out to be the problem when they should've been addressing violation.

Per Hale v. Townley 19 F3d 1068, 1075-1076 in a 1983 case alleging conspiracy, court rules circumstantial evidence can be used to prove a conspiracy.



### Procedural Background

1.) Just prior to filing I requested the name, phone number, & address of the schools attorney & was given a wrong name & address. W/ school out for the summer I was unable to contact defendants as I'd exhausted all attempts at obtaining personal information, so I was dependent upon an already overloaded court system for delivery of claim based upon the only address made available in the schools code of conduct.

2.) Response to Standard of Review #8. I've been discriminated against (gender), singled out by female staff, & held to false rules & procedures in retaliation to filing a report w/ authorities. (42 USC §1981).

3.) Response to Standard of Review #9 & #10. In compliance w/ section 42 1986, any number of persons guilty of this law maybe joined as defendants. All of said defendants had knowledge of inappropriate touching & allowed the circumstances to remain the same for a period of time before we made another request for recourse. Harassment & discrimination came in the form of retaliation once I brought the Title 9 violation to the schools attention. (Davis v. Monroe County Bd of Ed. 119 S. Ct.). The school exposed our son & myself to the type of discrimination that Title 9 sought to prevent. The behavior occurred on school property, during school time, under Linda Thomas' supervision.

④

School retains substantial control over the context in which the harassment occurred & further more the school is a recipient of federal funding & is liable for subjecting students to discrimination. Our son was unable to participate in certain class assignments because the student that perpetrated the act was still in the class & still bothering him.

He was unable to go on trips because of lack of supervision on the schools part to safeguard our son. Davis v. Monroe for title 9 purposes, student on student harassment in the school could rise to the level of discrimination actionable under the statute. Statute protects students not only from discrimination but from being excluded from any activities, educational programs or federally funded activities. Prima Facie elements: The sexual harassment was so severe, pervading, & objectively offensive that it could be said to deprive plaintiff of access to the educational opportunities & benefits provided by the school. The funding recipient had actual knowledge of sexual harassment & the recipient was deliberately indifferent to the harassment.

All defendants were motivated by gender discrimination mixed up suppressing the Title 9 violation, (that was initially filed by my self), by trying to create an atmosphere on school property that was discriminatory towards my presence there.



4) Response to Standard of Review #15. USC 42 1981b (make & enforce contracts). The school had a standard & duty of care in enforcing the schools code of conduct, which we signed off on as a binding & legal contract. Instead the school has violated several of its own codes breaching said contract, some of which were verbally amending codes to suit their needs, by holding Mr. Davis to false rules under the code, & for not acting in response of Title 9 violation.

5) Response to Standard of Review #18. Deprivation of rights. Every person who subjects, or cause to be subjected to the deprivation of any rights, privileges, or immunities shall be liable. Our son was subjected & caused to be subjected to deprivation of rights when school was alerted as to Title 9 violation & did not address the matter. Because of this our 4th amendment rights were harmed as the school retained unsustained control over context of said act, but did not act timely or appropriately, in such, the violation was perpetuated under their watch. Under the law Mr. Davis was not afforded the same rights as female parents & subsequently held to another standard after raising Title 9 issue. There was no equal protection for Mr. Davis as the school worked against him instead of w/ him as an advocate against the violation. Our son was afforded equal protection as he was violated twice in the same month.

(6)

6.) Response to Standard Review #19. (Action for neglect to prevent) 42 USC 1986. School was made aware of Title 9 violation on both instances & did not take action to prevent. Parents had to get police involved for lack of action to prevent said act by school officials. Pursuant to 1986, all defendants had knowledge of wrongs being perpetrated & had the power to prevent or aid in the prevention of commission. (Vance, 231 F.3d at 269). Court held where the school district has actual knowledge that its efforts to remediate are ineffective & it continues to use those efforts it has failed to act reasonably. Therefore, a lack of adequate response could suggest deliberate indifference. (Lashonda Davis v. Monroe County Bd of Ed 526US 6th circuit ct.). All parties that had knowledge of violation have all been joined as defendants in the action.

7.) Response to Standard of Review #21. 42 USC 2000c. Personal suits for relief against discrimination in public education. While the statute claims that allegations of violations of civil rights have no legal effect, the fact that this public education facility is a recipient of federal funds while in violation trumps said statute. While it states "no legal effect", there is still a moral duty to be served here.

Conclusion

For the aforementioned reason, plaintiff request that the court accept & grant claim.

Thank you,

MR. Andrew Davis (Pro Se)
853 N. Madison st
Wilmington DE 19801
302 4821543

Certificate of Service

I, Andrew Davis, do hereby certify that on this 10th day of December 2007, two copies of the foregoing Andrew Davis claim were served by regular U.S. first class mail, postage paid:

Dana Spring Monye
824 N. Market St suite 902
P.O. Box 709
Wilmington DE. 19899-0709
Attorney for Defendants