IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ANDREW DAVIS, SR., | : |
|         Plaintiff, | : |
| | : C. A. No. 1:07-cv-632 GMS |
| v. | : |
| | : TRIAL BY JURY OF TWELVE |
| DEBORAH HOOPER, DIANE DUNMON, | : DEMANDED |
| LINDA THOMAS, | : |
|         Defendants. | : |

**DEFENDANTS DEBORAH HOOPER, DIANE DUNMON, AND LINDA THOMAS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS**

Pursuant to Federal Rules of Civil Procedure 4(e), 4(m), 12(b)(5), and 12(b)(6) and Superior Court Civil Rules for the State of Delaware 4(f)(1) and 4(j), defendants Deborah Hooper, Diane Dunmon, and Linda Thomas, hereinafter "defendants", respectfully move for an order dismissing plaintiff's claims against them for improper service and failure to state a claim upon which relief may be granted. In support of their motion, the defendants offer the following:

**Procedural Background**

1. On December 12, 2007, plaintiff filed a responsive letter brief, D.I. 6, to Moving Defendants Motion to Dismiss, D.I. 3.

**Standard of Review**

2. A complaint should be dismissed if, after "drawing all reasonable inferences in plaintiff's favor, no relief could be granted under any set of facts consistent with the allegations of the complaint." *Tillman v. Pepsi Bottling Co.*, C.A. 04-CV-1314, Robinson, J. (August 30, 2007, D.Del.), 2005 WL 2127820 at * 5.

3.      In deciding a motion to dismiss, this Court considers only facts pled in the complaint and not any additional facts alleged in the answering brief to a motion to dismiss. *Tillman*, 2005 WL 2127820 at * 1, fn2.

### Plaintiff Has Failed to Establish Good Cause for Failure to Properly Serve Defendants Dunmon and Hooper

4.      Plaintiff's response fails to demonstrate that he had good cause for failing to serve defendants Dunmon and Hooper within 120 days of the filing of the complaint.  F.R.C.P. 4(m) and Superior Court Civil Rule 4(j).

### Plaintiff Has Failed to Establish Elements Necessary to Support 42 U.S.C. §§ 1981, 1983, 1986, 2000-c, and 2000c-8 Claims Against Moving Defendants

5.      Plaintiff's response fails to demonstrate that he established the necessary elements of a 42 U.S.C. § 1981 claim.  In neither the Complaint nor his response to the Motion to Dismiss has Plaintiff has alleged: (1) that he is a member of a racial minority; (2) that the defendants intended to discriminate on the basis of race; or (3) that the discrimination concerns one or more of the activities enumerated in the statute.  *Brown v. Philip Morris, Inc.* 250 F.3d 789, 797 (3d Cir. 2001).

6.      Plaintiff's response fails to demonstrate that plaintiff established a 42 U.S.C. § 1983 claim.  Plaintiff has not demonstrated in the Complaint or his response to the Motion to Dismiss that any individual defendant, under color of state law, has caused him to be deprived of his federally protected rights.  42 U.S.C. § 1983.

7.      Plaintiff's response fails to demonstrate that he established the necessary elements of a 42 U.S.C. § 1986 claim.  Plaintiff has not established the prerequisite 42 U.S.C. § 1985 claim (he has not alleged that he is a member of a particular racial class or that any of the

-3-

defendants were motivated by a racial class-based animus to deny plaintiff equal protection of the law) in the complaint or his response to the Motion to Dismiss and thus he cannot meet the necessary requirements of 42 U.S.C. § 1986.

8. Plaintiff cannot establish a 42 U.S.C. § 2000c or 42 U.S.C. § 2000c-8 claim as there are no claims to be made under either of these statutes.

## Conclusion

9. For the above stated reasons, defendants request that this Court dismiss the claims against them for improper service and failure to state a claim upon which relief may be granted.

**WHITE AND WILLIAMS LLP**

BY:   /s/ Dana Spring Monzo
John D. Balaguer, Esquire (# 2537)
Dana Spring Monzo, Esquire (# 4605)
824 N. Market Street, Suite 902
P.O. Box 709
Wilmington, DE 19899-0709
Phone: (302) 467-4526
*Attorneys for Defendants,
Deborah Hooper, Diane Dunmon and
Linda Thomas*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ANDREW DAVIS, SR., | : |
| | : |
| Plaintiff, | : |
| | :  C. A. No. 1:07-cv-632 GMS |
| v. | : |
| | :  TRIAL BY JURY OF TWELVE |
| DEBORAH HOOPER, DIANE DUNMON, | :  DEMANDED |
| LINDA THOMAS, | : |
| | : |
| Defendants. | : |
| | : |

## ORDER

**AND NOW**, this _____ day of _____, 2007, upon consideration of *Defendants Deborah Hooper, Diane Dunmon, and Linda Thomas' Motion to Dismiss* and any response thereto,

**IT HEREBY IS ORDERED AND DECREED** that the motion is **GRANTED** and the claims against *Deborah Hooper, Diane Dunmon, and Linda Thomas* are dismissed with prejudice.

**BY THE COURT:**

_____

J. Sleet

PHLDMS1 3825362v.1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| ANDREW DAVIS, SR., : | |
| : | |
| Plaintiff, : | |
| : | C. A. No. 1:07-cv-632 GMS |
| v. : | |
| : | TRIAL BY JURY OF TWELVE |
| DEBORAH HOOPER, DIANE DUNMON, : | DEMANDED |
| LINDA THOMAS, : | |
| : | |
| Defendants. : | |
| : | |

**CERTIFICATE OF SERVICE**

I, Dana Spring Monzo, Esquire do hereby certify that on this 20th day of December, 2007, two copies of the foregoing **DEFENDANTS DEBORAH HOOPER, DIANE DUNMON, AND LINDA THOMAS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS** were served upon the following CM/ECF and regular U.S. First Class Mail, postage prepaid:

Andrew Davis, Sr.
853 N. Madison Street
Wilmington, DE  19801
*Pro Se*

**WHITE AND WILLIAMS LLP**

BY:   /s/  Dana Spring Monzo
John D. Balaguer, Esquire  (#2537)
Dana Spring Monzo, Esquire (# 4605)
824 N. Market Street, Suite 902
P.O. Box 709
Wilmington, DE  19899-0709
Phone: (302) 467-4526
*Deborah Hooper, Diane Dunmon and Linda Thomas*

PHLDMS1 3825362v.1