ORIGINAL

Answering Brief    Civil No: 07-cv-632GMS

Judge Sleet,

Plaintiff Andrew Dauw reply in support of motion to proceed.

Standard of Review

1) Plaintiff has established elements necessary to support 42 U.S.C. §§ 1981, 1983, 1986, 2000c, & Docket-8 pursuant to 42 U.S.C. § 1981... Davis v. Monroe PR, Title 9 purposes, student on student harassment in the school could rise to the level of discrimination actionable under the statute.

2) Pursuant to 42 U.S.C. § 1988 ... every person who subjects, or causes to be subjected to the deprivation of any rights, privileges, or immunities shall be liable. Our son was subjected & caused to be subjected to the Title 9 offense, which in this statute can rise to discrimination. School was alerted as to the title 9 violation & did not address the matter. Because of this our 4th amendment rights were violated as the school retained substantial control over context of said act, but did not act timely & appropriately in such. The violation was perpetrated under their watch. Because of lack of action on the school's part, our son missed also the participation in class trips & other such activities because of the school's inability to protect said student.

3) Pursuant to 42 U.S.C. 1986 School was made aware of Title 7 violation on both instances & did not take action to prevent. Fair to act by school officials. Pursuant to 1986, all defendants had knowledge of wrong doing/inequities & had the power to prevent said action. (Plantation of Commission v. Vance 27 F.2d d 24) Can't hold where the school district has actual knowledge that its efforts to remediate are insufficient & it continues to use those efforts it has failed to act reasonably. Therefore, a lack of adequate response could suggest deliberate indifference. (Lainda Doe v. Monroe cnty Bd of Ed 9th circuit) All parties that had knowledge of violation have not been joined as defendants in this action.

4) On Oct. 20th, 2007 I received correspondence in the mail from Dana Monyo, attached to the cover letter was a notice of availability of a U.S. Magistrate Judge to exercise jurisdiction. In accordance of the provisions of 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, is however permitted only if all parties voluntarily consent. I have not & never have affixed my signature to said document & have not consented to this act but rather a Magistrate has been assigned to this case due to inadequacy on the language of which certain of said by parties who initially requested such, has been afforded such a voilation. (His guaranteed of freedom)

(3)

while the evidence / petitioner alleges (states)
alludes to a denial of the Magistrates ability to
have the case litigated faster, we are still filing
a (blank) assuming steps to the contrary.

For the above stated reasons, plaintiff request
that this court proceed in hearing the answer
against the defendants as claim have been substituted.

Thank you,
MR. Andrew Davis  1/16/08
MR. Andrew Davis

Certificate of Service

I, Andrew Dean, do hereby certify that on this 16th day of January 2008, two copies of the foregoing Andrew Dean Claim Summary (Suit) were served by Regular U.S. 1st Class Mail, postage paid:

Dana Spring Monsees
824 N. Market St, Suite 702
P.O. Box 709
Wilmington, Delaware 19899-0709
Attorney for defendants