IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ANDREW DAVIS, SR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 07-632-GMS |
| | ) |
| DEBORAH HOOPER, DIANE DUNMON, | ) |
| and LINDA THOMAS, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM**

## I. INTRODUCTION

The plaintiff, Andrew Davis, Sr. ("Davis"), filed this lawsuit pursuant to 42 U.S.C. §§ 1981, 1983, 1986, 2000c and 2000c-8 alleging violations of his right to due process and equal protection as a result of student on student sexual harassment directed towards his son. (D.I. 1.) He appears *pro se*. The case was originally filed in the Superior Court of the State of Delaware in and for New Castle County. Pending before the court are the defendants' motions to dismiss and to strike. (D.I. 4, 9.)

## II. BACKGROUND

On May 31, 2007, Davis filed this lawsuit in the Superior Court of Delaware in New Castle County alleging that the defendants had violated his civil rights pursuant to 42 U.S.C. §§ 1981, 1983, 1986, 2000c, and 2000c-8. The defendants are Linda Thomas ("Thomas"), principal of Shortlidge Academy ("the school"); and Deborah Hooper ("Hooper"), director of elementary schools, and Diane Dunmon ("Dunmon"), deputy superintendent, both with the State of Delaware, Red Clay Consolidated School District ("the District"). More specifically, Davis

alleges that his son was offensively touched by a fellow classmate on November 6, 2006, and attempts at recourse through the school administration were blocked due to the staff's lack of professionalism and a cover-up. Davis alleges there was a second offensive act on November 16, 2006, requests for a grievance conference at the District level were granted, and a meeting scheduled for November 30, 2006, at the school. In attendance were Davis, his wife, Thomas, Dunmon, and Hooper. Davis and his wife were told that the District was unaware of the offensive touching even though the police were involved. Davis alleges the defendants were aware of the incidents and of patterns of discrimination and sexual harassment. The defendants were "cited" for not thoroughly investigating and handling the incident and they[1] requested "due process." He alleges that "we were never afforded a written decision at the school or district level." The offending student was moved two doors down the hall and continues to have contact with Davis' son.

Davis alleges that, after he filed claims with the school, the District, the police department, and the Office of the Attorney General, he began to experience retaliation in the form of promotion, harassment, and intimidation on the part of staff and administration.[2] Davis alleges he has been singled out, subjected to non-existent policies, physically confronted by staff, and subjected to new rules and codes not contained in the school's code of conduct.

Davis alleges violations of his family's rights under federal laws and the constitution. He specifically alleges a violation of the right to equal protection and invokes 42 U.S.C. § 1981.

---

[1] Presumably Davis and his spouse.

[2] This may be an employment claim, but the complaint does not indicate where Davis is employed, or if the claim is, or is not, related to his employment.

Davis also alleges that pursuant to 42 U.S.C. § 1986 any number of persons guilty of this law may be joined as defendants.

On October 15, 2007, defendants filed a notice of removal in the United States District Court for the District of Delaware. (D.I. 1.) The notice of removal states that Thomas was properly served on September 25, 2007. (D.I. 1, ¶ 2.) Defendants move for dismissal pursuant to Fed. R. Civ. P. 4(e), 4(m), 12(b)(5), and (b)(6) and Del. Super. Ct. R. 4(f)(1) and 4(j) for failure to properly and timely serve and failure to state a claim upon which relief may be granted. (D.I. 4.) A response, reply, and sur-reply followed. (D.I. 6, 7, 8.) The defendants move to strike Davis' sur-reply. (D.I. 9.)

### III. DISCUSSION

#### A. Non-Attorney

Initially the court notes that it appears Davis filed this lawsuit on his behalf, as well as on behalf of wife and minor son. He refers to alleged violations of constitutional rights of family members, including his wife and minor son. As a non-attorney, Davis may not act as an attorney for other individuals and may only may only represent himself in this court. 28 U.S.C. § 1654; *see also Osei-Afriye v. The Medical Coll. of Pennsylvania*, 937 F.2d 876 (3d Cir. 1991) (non-lawyer appearing *pro se* may not act as attorney for his children).

Moreover, Davis cannot represent his son. Parents cannot appear *pro se* on behalf of their minor children because a minor's personal cause of action is his or her own and does not belong to his or her parent or representative. *Collinsgru v. Palmyra Bd. of Educ.*, 161 F.3d 225, 231 (3d Cir. 1998); *Osei-Afriyie,* 937 F.2d 876 (3d Cir. 1991); *Shepherd v. Wellman*, 313 F.3d 963 (6th Cir. 2002); *Jones v. Syntex Laboratories, Inc.,* 1 Fed. Appx. 539 (7th Cir. 2001); *Johns v. County*

*of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997); *Cheung v. Youth Orchestra Foundation of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990); *Meeker v. Kercher*, 782 F.2d 153, 154 (10th Cir. 1986) (*per curiam*).

**B. Service of Process, Rule 12(b)(5)**

The defendants argue that the claims against Hooper and Dunmon must be dismissed because they were not served within 120 days after the complaint, filed on May 31, 2007, in violation of Fed. R. Civ. P. 4(m) and Del. Super. Ct. R. 4(j). They also argue that these two defendants must be dismissed because Davis improperly served Hooper in derogation of Fed. R. Civ. P. 4(e)(2) and Del. Super. Ct. R. 4(f)(1)(I). The defendants explain that Davis attempted to effect service upon Hooper by leaving a copy of the summons and complaint with Dunmon at the defendants' place of employment, but Dunmon is not an agent authorized by appointment or law to accept service on behalf of Hooper.

Davis responds that prior to filing this case he requested information regarding the school's attorney, but was given the wrong information. (D.I. 6.) Because school recessed for the summer, Davis was unable to obtain personal information for the defendants and was "dependent upon an already overloaded court system for delivery of the claim based upon the only address made available in the school's code of conduct." (*Id.* at ¶ 1.) Other than this statement, Davis did not address the service issues.

A defendant may file a motion to dismiss pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure when a plaintiff fails to properly serve him or her with the summons and complaint. Rule 4(m) of the Federal Rules of Civil Procedure states that "[i]f service of the summons and complaint is not made upon a defendant within 120 days after the filing of the

complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action." Fed. R. Civ. P. 4(m). Rule 4(j) of the Delaware Superior Court Rules contains a similar clause. Del. Super. Ct. R. 4(j). Rule 4(m) rule goes on the state that "[u]pon a showing of good cause for the failure to serve, the court must extend the time for service; [and] the court can, at it discretion, extend the time for service even if plaintiff has not shown good cause for the delay." *Daniels v. Correctional Med. Services*, 380 F. Supp. 2d 379, 384 (D. Del. 2005) (citing Fed. R. Civ. P. 4(m)); *MCI Telecomm. Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086, 1098 (3d Cir. 1995). Again, Rule 4(j) contains a similar clause. Del. Super. Ct. R. 4(j).

The complaint was filed on May 31, 2007 and Hooper and Dunmon were not served until October 5, 2007, more than 120 days after the complaint was filed. Plaintiff did not address the issue of his late failure to serve other than, it appears, to place the blame upon an "overloaded court system." Plaintiff filed this case and it is his responsibility to see that the defendants are timely served. The court finds that Davis has not shown good cause for his failure to timely serve Hooper and Dunmon. Therefore, the Court will grant the defendants' motion and will dismiss the claims against Hooper and Dunmon for failure to timely serve.

### C. Failure to State a Claim, Rule 12(b)(6)

#### 1. Standard of Review

Rule 12(b)(6) permits a party to move to dismiss a complaint for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. *Erickson v. Pardus*, –U.S.–, 127 S.Ct. 2197, 2200 (2007); *Christopher v. Harbury*, 536 U.S. 403, 406 (2002). A complaint must contain "a short and plain statement of the claim showing that the

pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, --U.S.--, 127 S.Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); Fed. R. Civ. P. 8. A complaint does not need detailed factual allegations, however, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1965 (citations omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted). Plaintiff is required to make a "showing" rather than a blanket assertion of an entitlement to relief. *Phillips v. County of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008). "[W]ithout some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only "fair notice," but also the "grounds" on which the claim rests. *Id.* (citing *Twombly*, 127 S.Ct. at 1965 n.3.) Therefore, "'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element." *Id.* at 235 (quoting *Twombly*, 127 S.Ct. at 1965 n.3.) "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." *Id.* at 234. Because Davis proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. *Erickson v. Pardus*, –U.S.–, 127 S.Ct. 2197, 2200 (2007) (citations omitted).

### 2. 42 U.S.C. § 1981

The defendants argue that all claims raised pursuant to § 1981 must be dismissed as the

complaint is completely devoid of any allegations to support such a claim. Davis responds that he has been discriminated against on the basis of gender, singled out by female staff, and held to false rules and procedures in retaliation for filing a report with authorities and for not acting in response to a Title IX violation.[3] (D.I. 6, ¶ 2, 4.)

Section § 1981 forbids discrimination on the basis of race in the making of public and private contracts. *See St. Francis Coll. v. Al-Khazraji*, 481 U.S. 604, 609 (1987); *Pamintuan v. Nanticoke Mem'l Hosp.*, 192 F.3d 378, 385 (3d Cir. 1999). The complaint does not reference Davis' racial makeup and contains no allegations that he was discriminated against on the basis of race. For the above reasons, the court will grant the defendants' motion to dismiss the § 1981 claim.

### 3. 42 U.S.C. § 1983

The defendants argue that the § 1983 claims must be dismissed because the complaint does not allege that the defendants violated Davis' constitutional rights but, rather, Davis alleges he is aggrieved at the actions of the school and the district. Davis responds that his son's rights were violated when the school was alerted to the Title IX violation and did not address the matter, and in turn, this caused a violation of "'our' Fourth Amendment rights." (D.I. 6, ¶ 5.) Finally, Davis argues that he was not afforded the same rights as female parents.

When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law.

---

[3]The complaint is brought against individuals and does not reference Title IX. There is no individual liability under Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681(a), which prohibits discrimination on the basis of sex by an education program or activity receiving federal funding. *Emerson v. Thiel Coll.*, 296 F.3d 184, 190 (3d Cir. 2002).

*West v. Atkins,* 487 U.S. 42, 48 (1988). "A defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable. *Sutton v. Rasheed,* 323 F.3d 236, 249 (3d Cir. 2003)(quoting *Rode v. Dellarciprete,* 845 F.2d 1195, 1207 (3d Cir. 1988).

To the extent that Davis raises claims on behalf of his son and wife, those claims are dismissed. There are no clear allegations against the named defendants as to any alleged violations of Davis' constitutional rights. Therefore, the court will dismiss the § 1983 claim. Davis, however, will be given leave to amend the § 1983 claim as to the properly served defendant, Thomas.

### 4. 42 U.S.C. § 1986

The defendants argue that there are no allegations to support a § 1986 claim and, therefore, it must be dismissed. A cognizable 42 U.S.C. 1985 claim is a prerequisite to stating a claim under § 1986. *Robison v. Canterbury Vill., Inc.,* 848 F.2d 424, 431 n.10 (3d Cir.1988); *Brawer v. Horowitz,* 535 F.2d 830, 841 (3d Cir. 1976). Section 1985 is enlisted when alleging a conspiracy. The Supreme Court has interpreted § 1985(3) and the second clause of 1985(2) similarly, finding that each contains language "requiring that the conspirators' actions be motivated by an intent to deprive their victims of the equal protection of the laws." *Kush v. Rutledge,* 460 U.S. 719, 725 (1983). It is a well settled constitutional interpretation that "intent to deprive of equal protection, or equal privileges and immunities, means that there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *Id.* at 726.

Davis fails to state a cause of action for conspiracy under § 1985. He does not mention the word conspiracy, but pleads that "any number of persons guilty of this law (i.e., § 1986) may

be joined as defendants in the action . . . ." (D.I. 1.) Moreover, the complaint does not allege any facts from which one could infer an agreement or understanding among the defendants to violate Davis' constitutional rights, or to discriminate against him under § 1985. Because there is no § 1985 claim, there can be no § 1986 claim. Finally, it also appears that Davis raises the § 1986 claim on behalf of his son and, as previously discussed, he may not represent his son. For the above reasons, the court will grant the defendants' motion to dismiss the § 1986 claim.

### 5. 42 U.S.C. § § 2000c and 2000c-8

The defendants argue that the claims raised under § 2000c and 2000c-8 have no legal effect and are void. Davis responds that "this public education facility is a recipient of federal funds which in violation trumps said statute" and there is a "moral duty to be served here." (D.I. 6, ¶ 7.)

Davis appears to attempt raise a claim under Title IV of the Civil Rights Act of 1964, 42 U.S.C. § 2000c through § 2000c-9. The purposes of Title IV is to remedy segregation in public schools. *Gilmore v. Amityville Union Free School*, 305 F. Supp. 2d 271, 279 (E.D.N.Y. 2004). Section§ 2000c-8 does not create a separate cause of action, but rather preserves private rights of actions under other civil rights acts. *Cannon v. University of Chicago*, 441 U.S. 677, 724 n.12 (1979) (White, J. dissenting); *Bedford v. University of Louisville Sch. of Med.*, No. 88-6423, 887 F.2d 1086 (6th Cir. 1989) (Table decision). It does not create a claim for damages. *Johnson v. State of Louisiana*, No. Civ. A-01-2002, 2002 WL 83645, *6 n.15 (E.D. La. 2002), *vacated on other grounds*, 330 F.3d 362 (5th Cir. 2003). Davis has no private have no private cause of action for civil damages under 42 U.S.C. § 2000c-8 and this is not a segregation case. Therefore, the court will grant the defendants' motion to dismiss the claims raised under § 2000c and § 2000c-

8.

## IV. CONCLUSION

Based upon the foregoing analysis, the court will grant the defendants' motion to dismiss. (D.I. 4.) The court will deny as moot the defendants' motion to strike Davis' sur-reply. (D.I. 9.) Davis will be given leave to amend the 42 U.S.C. 1983 claim against the timely served defendant, Thomas, and only as to any claims for deprivations of **Davis'** constitutional rights. An appropriate order will be entered.

_____Sept 15_____, 2008
Wilmington, Delaware

_____
CHIEF UNITED STATES DISTRICT JUDGE

FILED

SEP 1 5 2008

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ANDREW DAVIS, SR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 07-632-GMS |
| | ) |
| DEBORAH HOOPER, DIANE DUNMON, | ) |
| and LINDA THOMAS, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

At Wilmington this 15th day of Sept, 2008, for the reasons set forth in the Memorandum issued this date

1. The defendant's motion to dismiss the complaint is **GRANTED**. (D.I. 4.)

2. The defendants' motion to strike the plaintiff's sur-reply is **DENIED** as **moot**. (D.I. 9.)

3. The plaintiff is given leave to amend the § 1983 claim only against the timely served defendant, Linda Thomas, and only as to any claims for deprivations of **his** constitutional rights. The amendment shall be filed within **thirty days** from the date of this order. If the amendment is not filed within the time allowed, then the case will be closed.

CHIEF UNITED STATES DISTRICT JUDGE

FILED

SEP 15 2008

U.S. DISTRICT COURT
DISTRICT OF DELAWARE